IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK ROBBINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-20-0044 |
| TONY EVERS, Governor of Wisconsin and MANITOWOC COUNTY IV-D CHILD SUPPORT AGENCY, | * * | |
| Defendants. | * | |

\*\*\*

**MEMORANDUM OPINION**

Plaintiff Derek Robbins, a self-represented litigant, filed the above-captioned Complaint along with a Motion to Proceed In Forma Pauperis. ECF Nos. 1, 2. Robbins appears indigent, and so he may proceed in forma pauperis. However, because Robbins filed this Complaint in forma pauperis, and pursuant to 28 U.S.C. § 1915(a)(1), the Court must guard against filing abuses by reviewing the Complaint for sufficiency. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se Complaint, the Court accepts as true and most favorably to the plaintiff all factual allegations. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Complaint avers certain irregularities in the handling of child support payments collected by the Child Support Enforcement Agency in Manitowoc County, Wisconsin. Robbins names as Defendants Tony Evers, Governor of Wisconsin, and the Manitowoc County IV-D Child

Support Agency. The Complaint facts also make clear that the claims relate to child support proceedings previously held in Wisconsin and New York state courts.

Robbins takes issue with court-ordered child support arising from his divorce finalized in Manitowoc County. Robbins had filed suit in New York state court his former spouse for return of child support payments that he had overpaid. Robbins avers the New York court ruled against his former spouse, but then allowed the Manitowoc, Wisconsin IV-D agency to appear in the New York proceedings and move to "apply the monies owed to arrears." ECF No. 1-8. Robbins appears to be challenging both the amount of court-ordered child support and arrears still being collected.

Robbins invokes both federal subject matter and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. Facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

From the facts as pleaded, diversity jurisdiction is lacking because federal courts cannot intervene in cases concerning "divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citations omitted). *See also Reale v. Wake County Human Services*, 480 F. App'x 195, 197 (4th Cir. 2012). As to federal question jurisdiction, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the

Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).  The Court may then exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), "over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, section 1367 does not create an independent cause of action and may be invoked only where the Complaint also pleads related federal claims.

The Complaint pleads violations of the "Fourteenth and Fifteenth Amendments to the United States Constitution," which may implicate federal question jurisdiction.  However, the Complaint facts viewed most favorably to Robbins do not state a claim for relief under either constitutional provision.  The Fifteenth Amendment pertains to voting rights and are not at all relevant to Robbins' claims.  As to the Fourteenth Amendment, Robbins notes that many "non-native" or "non-African persons" have been denied a reduction in child support.  But other than raising a theoretical question about disparities in child support determinations, Robbins has pleaded no facts to support an equal protection claim.  *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  Accordingly, the Court will not consider a bare invocation of a constitutional violation that is untethered to the factual assertions as sufficient to state a claim for relief.

Robbins also names two federal criminal code provisions prohibiting deprivation of rights under color of law, 18 U.S.C. §§ 241-242.  ECF No. 1-8.  But this is a civil suit, and as a private citizen, Robbins "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Williams v. Morgan*, 2017 WL 2439144, at *1 n.1 (D. Md. 2017) quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and citing *Otero v. United States Attorney General*, 832

F.2d 141 (11th Cir. 1987). Any allegation that Defendants committed federal crimes does not state a cause of action.

In sum, after reviewing the Complaint facts as true and most favorably to Robbins, the Court cannot find any factual basis to make plausible any federal cause of action. This action instead arises solely as a family law matter, and the Court can discern no way that Robbins may cure the jurisdictional and factual insufficiencies by amending the pleadings. Thus the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

A separate Order follows.

July 20, 2020                                         /S/
Date                                                  Paula Xinis
                                                      United States District Judge

---

[1] Robbins may wish to consult a legal services program to address his concerns regarding child support payments. Resources that may be available include Maryland Volunteer Lawyers Service (https://mvlslaw.org) and Maryland Pro Bono Resource Center (https://probonomd.org).